IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANGELA ENGLE HORNE,
         Plaintiff,

v.                                                  Civil Action No. 3:16-cv-000092-JAG

WTVR, LLC, d/b/a CBS6,
         Defendant.

## ORDER

This matter comes before the Court on the defendant's motion to exclude expert testimony. (Dk. No. 23.) Upon due consideration, the Court DENIES the motion. The plaintiff gets close enough to compliance with Federal Rule of Civil Procedure 26(a)(2)(C), and any deficiencies seem harmless. The defendant can raise its issues with the medical records and causation on cross examination.

This matter also comes before the Court on the plaintiff's motion to compel the defendant to identify its confidential source. (Dk. No. 43.) The First Amendment provides journalists with a qualified privilege that protects the identities of confidential sources. A party opposing the privilege may overcome it only by showing that the identity of the confidential source is relevant, that she cannot obtain the information through alternative means, and that she has a compelling interest in the information. *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986). In this case, the confidential source revealed that the Prince George County School System had hired and then fired a convicted felon. The plaintiff admits her conviction, her hiring, and her firing. Her allegations of defamation come not from the underlying facts provided by the confidential source, but from how the defendant told the story. This does

provide a sufficiently compelling interest in the identity of the confidential source to overcome the competing First Amendment concerns. Accordingly, the Court DENIES the motion.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: February 13, 2017
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge